JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

**DEFENDANTS**

**(b)**   County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes   ☐No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #

AMOUNT

APPLYING IFP

JUDGE

MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
   United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
   Original Proceedings.  (1) Cases which originate in the United States district courts.
   Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
   Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
   Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
   Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
   Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
   **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
-------------------------------------------------------------
AMANDA VALLE                            :
2419 South 16th Street                  :
Philadelphia, PA 19145                  :
                                        :
                        Plaintiff,      :
                                        :    Civil Action No.: _____
                v.                      :
                                        :    JURY TRIAL DEMANDED
VOXX LIQUORS, LLC d/b/a                 :
VERA BAR & GRILL                        :
2310 Marlton Pike W                     :
Cherry Hill, NJ 08002                   :
                                        :
                        Defendant.      :
-------------------------------------------------------------
```

## COLLECTIVE AND CLASS ACTION COMPLAINT – CIVIL ACTION

Plaintiff Amanda Valle ("Plaintiff"), by and through her undersigned attorney, hereby brings this action against Defendant Voxx Liquors, LLC d/b/a Vera Bar & Grill ("Defendant"), and alleges, upon personal belief to her own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e, *et seq.*, and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq*.

2.      Additionally, Plaintiff brings this Complaint contending that Defendant failed to pay her and other similarly-situated current and former employees of Defendant ("Class Plaintiffs") compensation and overtime compensation, minimum wages, and unlawfully retained

tips earned by Plaintiff and Class Plaintiffs, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New Jersey Wage and Hour Law ("WHL"), N.J.S.A. 34:11-56a, *et seq*.

3.      Plaintiff is a former employee of Defendant who was employed in the positions of Bottle Server and Bartender.  Plaintiff contends that Defendant maintained an unlawful tip pool, unlawfully retained a portion of the tips earned by Plaintiff and Class Plaintiffs, and failed to accurately track and pay Plaintiff and Class Plaintiffs for all hours worked in violation of the FLSA and WHL.

4.      Plaintiff brings this action as a representative action under the FLSA and WHL for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

<u>**PARTIES**</u>

5.      Plaintiff Amanda Valle is a citizen of the United States and Pennsylvania, and currently maintains a residence at 2419 South 16th Street, Philadelphia, PA 19145.

6.      Defendant Voxx Liquors, LLC d/b/a Vera Bar & Grill is a for-profit limited liability company duly organized and existing under the laws of New Jersey, where it maintains a business address at 2310 Marlton Pike W, Cherry Hill, NJ 08002.

7.      Defendant is a "private employer" and covered by the FLSA.

8.      Plaintiff and Class Plaintiffs are/were employees who have been employed by Defendant during all relevant times hereto and, as such, are employees entitled to the FLSA's protections.  <u>See</u> 29 U.S.C. § 203(e).

9.      At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of the employment and for Defendant.

## JURISDICTION AND VENUE

10.      On or about May 30, 2019, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e).  Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2019-04244.  Plaintiff's EEOC Charge was filed within three hundred (300) days of the unlawful employment practice.

11.      By correspondence dated February 26, 2020, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

12.      On or about April 17, 2020, within the statutory time frame applicable to her claims, Plaintiff filed the instant action.

13.      This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New Jersey Wage and Hour Law ("WHL"), N.J.S.A. 34:11-56a, *et seq.*

14.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

3

15.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

16.     This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

17.     This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

18.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein and the unlawful practices of which Plaintiff is complaining were committed in the state of New Jersey.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Paragraphs 1 through 18 are hereby incorporated by reference as though the same were fully set forth at length herein.

20.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

21.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the positions of Bottle Server, Bartender, and, upon information and belief, Servers, or in positions with substantially similar job duties, who were denied minimum wages, overtime compensation, and unlawfully retained tips as a result of Defendant's unlawful tip pool and tip retention practices ("Class Plaintiffs").  Specifically, upon information and belief,

4

Defendant maintained an unlawful policy and practice of requiring Class Plaintiffs to share their tips with employees, such as Defendant's Dishwashers, Chefs, and Line Cooks, who do not customarily and regularly receive tips.

22.     Plaintiff estimates there are in excess of fifteen (15) other similarly situated Bottle Servers, Servers, and/or Bartenders who either are working or worked for Defendant during the past three (3) years and were unlawfully denied minimum wages, overtime compensation, and tips as a result of the unlawful practices described above.  The precise number of employees can easily be ascertained by Defendant.  These employees can be identified and located using Defendant's payroll and personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail, electronic mail, and/or publication.

23.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were similarly denied minimum wages, overtime compensation, and tips as a result of Defendant's unlawful tip pool practices, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.  Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has unlawfully retained tips from Class Plaintiffs, and impacted Class Plaintiffs in the same fashion.

24.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## <u>OVERTIME CLASS ACTION ALLEGATIONS</u>

25.     Paragraphs 1 through 24 are hereby incorporated by reference as though the same were fully set forth at length herein.

26.     Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Bottle Server, Server, and/or Bartender who were denied minimum wages, overtime compensation, and/or unlawfully retained tips as a result of Defendant's unlawful top pool and tip retention practices.

27.     The members of the class are so numerous that joinder of all members is impractical.  Class members may be informed of the pendency of this Class Action by direct mail, electronic mail, and publication.

28.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.     Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the WHL;

B.     Whether Defendant maintained an unlawful tip pool under the WHL;

C.     Whether Defendant improperly retained for themselves a portion of the tips earned by Plaintiff and the Class;

D.     Whether Defendant unlawfully retained tips which were rightfully earned and which are due and owing to the Class within the meaning of the WHL;

E.     Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

F.      Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

G.      Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

29.     Plaintiff's claims are typical of the claims of the Class Members.  Plaintiff is a former employee of Defendant who was employed in the positions of Bottle Server, Server, and Bartender who has suffered injuries as those suffered by the Class members as a result of Defendant's unlawful tip pool and tip retention practices.  Defendant's conduct of violating the WHL has affected Plaintiff and the Class in the exact same way.

30.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

31.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

32.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.      The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.      Defendant, by failing to pay compensation, overtime compensation, and unlawfully withholding tips when it became due and owing in violation of the WHL, have acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.      The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

33.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brough individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTS PERTAINING TO PLAINTIFF'S FLSA/WHL CLAIMS

34.     Paragraphs 1 through 33 are hereby incorporated by reference as though the same were fully set forth at length herein.

35.     Plaintiff first began her employment with Defendant in or around February 2016, when she was hired in the position of Bottle Server and/or Bartender.

36.     Plaintiff was employed by Defendant as a Bottle Server and/or Bartender from in or around February 2016, until July 2016. Shortly thereafter, Plaintiff returned to work in or around November 2016.

37.     Upon information and belief, during the past six (6) years, Defendant has employed at least fifteen (15) individuals in the position of Bottle Server and/or Bartender.

38.     Plaintiff, along with Defendant's other Bottle Servers, Servers, and/or Bartenders, were/are primarily responsible for taking customers' drink orders, serving drinks to customers, and otherwise waiting on customers at Defendant's place of business.

39.     Plaintiff and Class Plaintiffs are/were paid an hourly wage of $2.83, plus tips.

40.     Plaintiff and Class Plaintiffs were/are classified as "non-exempt" employees.

41.     Upon information and belief, in choosing to pay Plaintiff and Class Plaintiffs $2.83 per hour, which is $4.42 less than the standard minimum wage (i.e., $7.25) otherwise required to be paid to non-exempt employees under the FLSA and WHL, Defendant purported to utilize a "tip credit" in order to satisfy their obligations to satisfy their obligations to pay minimum and overtime compensation under the FLSA.

42.     However, notwithstanding Defendant's purported attempt to claim a "tip credit" under the FLSA/WHL, Defendant maintained a policy and practice of withholding a significant percentage of Plaintiff's and Class Plaintiffs' tips to unlawfully share with traditionally non-tipped employees.

43.     For example, upon information and belief, Defendant would take a significant percentage of Plaintiff's and, upon information and belief, Class Plaintiffs' earned tips each shift worked, and would use said tips to compensate traditionally non-tipped employees, such as Defendant's Chefs, Line Cooks, and Dishwashers.

44.     Upon information and belief, Defendant's Chefs, Line Cooks, and Dishwashers neither serve nor interact with Defendant's patrons.

45.     Upon information and belief, Defendant unlawfully retained more from Plaintiff and Class Plaintiffs tips than was necessary to cover Defendant's credit processing fee.

46.     As a result, upon information and belief, for at least six (6) years prior to June November 2018, Defendant has unlawfully required its Bottle Servers and/or Bartenders to share a significant portion of their tips with Defendant's Chefs, Line Cooks, and Dishwashers, who, as described above, do not serve or otherwise interact with Defendant's customers, and, as such, are not the type of employee who customarily and regularly receives tips within the meaning of the FLSA/WHL.

47.     During a typical, average workweek, Plaintiff worked between thirty (30) and fifty (50) hours.

48.     By way of example, during the workweek of May 14, 2018, to May 20, 2018, Plaintiff worked approximately forty-eight (48) hours for Defendant.  However, Plaintiff did not receive any overtime compensation for the approximately eight (8) hours she worked over forty (40) during said workweek.

49.     Plaintiff regularly worked in excess of forty (40) hours per week but did not receive any overtime compensation.

50.     Upon information and belief, Class Plaintiffs also regularly worked in excess of forty (40) hours per week, but did not receive any overtime compensation.

51.     Upon information and belief, Defendant failed to accurately track the actual hours worked by Plaintiff and Class Plaintiffs.

10

52.     Plaintiff and Class Plaintiffs are paid on an hourly basis, and, as such, do not qualify for the exemptions for executive, administrative, or professional employees under the FLSA/WHL.

53.     Plaintiff and Class Plaintiffs do not have the authority to hire, fire, or discipline other employees of Defendant, nor do they make recommendations with respect to employee status changes to which Defendant gives substantial weight.

54.     Accordingly, Plaintiff and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA/WHL.

55.     Plaintiff and Class Plaintiffs do not perform work directly related to Defendant's management or general business operations, nor do they exercise discretion or independent judgment regarding matters of significance to Defendant.

56.     Accordingly, Plaintiff and Class Plaintiffs are not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/WHL.

57.     Finally, there are no other exemptions under the FLSA and/or WHL which could arguably be applicable to Plaintiff or Class Plaintiffs.

58.     Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and WHL, non-exempt employees of Defendant and therefore entitled to minimum wages and overtime compensation for all hours they worked over forty (40) in a workweek.

59.     Furthermore, during her tenure of employment, Plaintiff was promoted to the position of Office Manager, while she continued working as a Bottle Server and/or Bartender.

60.     Notably, while fulfilling the responsibilities of two (2) separate job roles, Plaintiff was compensated with two (2) separate pay checks, with any and all overtime hours being attributed to her rate as a Bottler Server and/or Bartender.

11

61.     As a result, Defendant failed to properly calculate Plaintiff's overtime rate and routinely paid Plaintiff an overtime rate that was substantially less than the overtime rate owed to her for all hours worked in the position of Office Manager.

62.     As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**FACTS PERTAINING TO PLAINTIFF'S INDIVIDUAL CLAIMS**
**UNDER THE ADA/TITLE VII/LAD CLAIMS**

63.     Paragraphs 1 through 62 are hereby incorporated by reference as though the same were fully set forth at length herein.

64.     In or around February 2016, Defendant hired Plaintiff in the position of Bottle Server and/or Bartender.

65.     During the course of her employment, Plaintiff received positive performance reviews, occasional praise, and no justifiable discipline.

66.     In fact, during her tenure, Plaintiff was promoted to the position of Office Manager.

67.     Plaintiff performed her Office Manager duties part-time, while still working in the position of Bottle Server and/or Bartender.

68.     By way of background, Plaintiff suffers from Borderline Personality Disorder ("BPD"), Severe Stress Disorder, and Depression.

69.     The foregoing medical conditions are disabilities within the meaning of the ADA/LAD in that they substantially impair Plaintiff's major life activities such as working, eating, sleeping, concentrating, mood stabilization, and general self-care.

70.     At all times relevant hereto, Defendant was aware of Plaintiff's disabilities.

71.     In or around March 2016, Plaintiff attempted suicide as a result of her disabilities.

72.     Despite attempting suicide, Plaintiff continued working for Defendant.

73.     In or around October 2016, Plaintiff attempted suicide a second time, as a result of her disabilities.

74.     As a result, Plaintiff was unable to work and necessitated a medical leave of absence for mental health treatment.

75.     Upon information and belief, Plaintiff required medical treatment from October 2016 until November 2016.

76.     In or around November 2016, Plaintiff returned to work following her medical treatment.

77.     In or around September 2018, Plaintiff requested Defendant modify her schedule in connection to her disabilities.

78.     Defendant granted Plaintiff's request for a modified work schedule.

79.     Then, later in or around September 2018, Plaintiff necessitated a medical leave of absence in connection to her disability.

80.     Defendant informed Plaintiff she could return to work following her medical leave of absence.

81.     After on or about October 5, 2018, and after Plaintiff's medical leave of absence and rejection of Adam Ahoroni's ("Mr. Ahoroni") advances, Plaintiff made multiple attempts to contact Defendant regarding her work schedule to no avail.

82.     On or about November 6, 2018, Plaintiff contacted Mr. Ahoroni.  During that conversation, Mr. Ahoroni stated Plaintiff could not let me return to work until her father "confirmed it was okay."

83.     Subsequent to the November 6, 2018 conversation, Plaintiff's father made multiple attempts to contact Mr. Ahoroni to no avail.

84.     On or about November 14, 2018, Plaintiff was contacted by a coworker to cover a shift for on or about November 17, 2018.

85.     Plaintiff accepted the November 17, 2018 shift, with the belief she would return to work on a more regular basis.

86.     However, Defendant failed to schedule Plaintiff for additional work.

87.     In or around December 2018, Plaintiff was informed by coworkers Defendant allegedly terminated Plaintiff's employment as of November 10, 2018.

88.     Additionally, throughout her tenure of employment, Plaintiff was subjected to offensive and pervasive conduct that altered the terms and conditions of Plaintiff's employment.

89.     By way of example, Mr. Ahoroni, Defendant's Owner, would say, *inter alia*, that he wanted to buy Plaintiff a house so he could be in her life, and if Plaintiff were Jewish, she would be his wife.

90.     Additionally, Mr. Ahoroni begged Plaintiff to sleep at his home, and would follow Plaintiff home from work on several occasions.

91.     Further, Mr. Ahoroni was open about his discontent for Plaintiff's then-boyfriend.

92.     By way of example, Mr. Ahoroni threatened to terminate Plaintiff's employment if she continued dating, requesting Plaintiff to choose between her then-boyfriend and her job.

93.     It is believed and therefore averred that Defendant's alleged reason(s) for Plaintiff's termination are pretextual and that Defendant actually terminated Plaintiff on the basis of her gender, rejection of Mr. Ahoroni's sexual advances, disability and/or regarded Plaintiff as

disabled, Plaintiff's past record of impairment, and in retaliation of Plaintiff's requests for disability-related accommodations.

94.     At the time of her unlawful termination, Plaintiff was qualified for the position.

95.     Upon information and belief, at the time of her unlawful termination, Defendant had a continuing need for the job duties and responsibilities previously performed by Plaintiff.

96.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

97.     Paragraphs 1 through 96 are hereby incorporated by reference as though the same were fully set forth at length herein.

98.     Pursuant to Section 206(b) of the FLSA, non-exempt employees must be paid not less than the minimum wage for every hour worked in a workweek.

99.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

100.    Although restaurants may utilize a tip credit to satisfy their minimum wage and overtime obligations to servers, they forfeit the right to do so when they require servers to share tips with other restaurant employees who do not "customarily and regularly receive tips," or when the employer retains a portion of said tips for itself.

101.    By requiring Plaintiff and Class Plaintiffs to share their tips with back-of-the-house employees (e.g., chefs and dishwashers), Defendant has forfeited its right to utilize the tip

15

credit in satisfying its minimum wage and overtime requirements to Plaintiff and Class Plaintiffs. As such, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiff and Class Plaintiffs an hourly wage of $2.83 rather than $7.25.  Moreover, Defendant has violated the FLSA's overtime requirements by paying Plaintiff and Class Plaintiffs less than 1.5 times their "regular rate" of pay for all hours worked over forty (40) in a workweek.

102.    Defendant failed to accurately track and maintain records of all hours worked by Plaintiff and Class Plaintiffs.

103.    As a result, Defendant failed to pay Plaintiff and Class Plaintiffs minimum wages and overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

104.    The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

105.    Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

106.    Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs:

A.    An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.    An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly

16

employed by Defendant at any point during the past three (3) years in the position of Bottle

Server and/or Bartender, and authorizing Plaintiff's counsel to issue a notice at the earliest

possible time to these individuals, informing them that this action has been filed, of the nature of

the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the

liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as

required by the FLSA;

C.      Adjudicating and declaring that Defendant's conduct as set forth herein and above

is in violation of the FLSA;

D.      Adjudicating and declaring that Defendant violated the FLSA by maintaining an

unlawful tip pool, unlawfully retaining tips earned by Plaintiff and Class Plaintiffs, and failing to

pay minimum wages and overtime compensation to Plaintiff and Class Plaintiffs for work

performed in excess of forty (40) hours per week;

E.      Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in

an amount consistent with the FLSA;

F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the

FLSA;

G.      Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be

paid by Defendant, in accordance with the FLSA;

H.      Awarding pre- and post-judgment interest and court costs as is further allowed by

law;

I.      Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by

motion, the filing of written opt-in consent forms, or any other method approved by the Court;

and

J.      For all additional general and equitable relief to which Plaintiff and Class

Plaintiffs may be entitled.

**COUNT II**
**NEW JERSEY WAGE AND HOUR LAW**
**N.J.S.A. 34:11-56a,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

107.    Paragraphs 1 through 106 are hereby incorporated by reference as though the

same were fully set forth at length herein.

108.    At all times relevant hereto, Plaintiff and Class Plaintiffs are/were employees and

Defendant an employer within the meaning of the N.J.S.A. § 34:11-56(a)(1), and the supporting

New Jersey regulations.

109.    The overtime wage provisions of the New Jersey Wage and Hour Law and its

supporting regulations apply to Defendant.

110.    At all times relevant, Plaintiff and Class Plaintiffs regularly worked over forty

(40) hours per workweek.

111.    Defendant, however, failed to pay Plaintiff and Class Plaintiffs overtime wages at

one-and-a-half-times the regularly hourly wage for all hours worked in excess of forty (40) hours

per week in violation of N.J.S.A. 34:11-56a, *et seq*.

112.    Defendant's failure to pay Plaintiff and Class Plaintiffs overtime compensation

was knowing and intentional.

113.    Defendant willfully violated and, upon information and belief, continues to

violate the New Jersey Wage and Hour Law by failing to keep full and accurate records of

Plaintiff and, upon information and belief, Class Plaintiffs' hours worked in violation of N.J.A.C.

34:1156(a)(22).

114.    By its actions alleged above, Defendant has violated the provisions of the New Jersey Wage and Hour Law by failing to properly pay minimum wages and overtime compensation, failing to properly pay Plaintiff and Class Plaintiffs for all hours worked, and maintaining an unlawful tip pool.

115.    As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of minimum wages, overtime compensation, and unlawfully retained tips in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the New Jersey Wage and Hour Law, 34:11-56a, *et seq*.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs:

A.    An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and her counsel as class counsel;

B.    An award to Plaintiff and Class Plaintiffs for the amount of unlawfully retained tips, unpaid minimum wages, and overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.    An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the New Jersey Wage and Hour Law;

D.    An award to Plaintiff and Class Plaintiffs for liquidated damages; and

E.    An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable New Jersey law, and all such other relief as this Court may deem proper.

**COUNT III**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101,** *et seq.*
**DISABILITY DISCRIMINATION AND RETALIATION**

116. Paragraphs 1 through 115 are hereby incorporated by reference as though the same were fully set forth at length herein.

117. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

118. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

119. Plaintiff's Borderline Personality Disorder, Severe Stress Disorder, and Depression substantially limit her ability to engage in several major life activities such as eating, sleeping, concentrating, mood stabilization, and general self-care.

120. Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job with or without a reasonable accommodation.

121. By reasons of the foregoing, Defendant, through their agents, officers, servants, and/or employees, have violated the ADA by failing to engage in the interactive process of determining a reasonable accommodation for Plaintiff, and by terminated Plaintiff's employment because of her actual and/or perceived disability and/or requests for a reasonable accommodation in connection thereto.

122. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.      Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

B.      Punitive and/or compensatory damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.      Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT IV**
**NEW JERSEY LAW AGAINST DISCRIMINATION**
**N.J.S.A 10:5-1, *et seq.***
**DISABILITY DISCRIMINATION AND RETALIATION**

123.    Paragraphs 1 through 122 are hereby incorporated by reference as though the same were fully set forth at length herein.

124.    Plaintiff is a qualified individual with a disability within the meaning of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq.*, due to her Borderline Personality Disorder, and Depression which substantially limits Plaintiff's ability to perform

21

major life activities such as eating, sleeping, concentrating, mood stabilization, and general self-care.

125.    Plaintiff was/is able to perform the essential functions of her job with or without a reasonable accommodation.

126.    It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of her actual and/or perceived disability, and/or terminated Plaintiff's employment in retaliation of her requests for an accommodation in connection thereto.

127.    As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

128.    The conduct described above constitutes a violation of the LAD and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.    Back wages and front pay, in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,00.00);

B.    Compensatory and/or exemplary damages in an amount to be determined at trial;

C.    Pre-judgment interest in an appropriate amount;

D.    Any and all relief provided for under the New Jersey Law Against Discrimination; and

E.    Such other and further relief as the Court deems just and equitable under the circumstances.

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT V**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e,** *et seq.*
**SEXUAL HARASSMENT, SEX DISCRIMINATION**
**HOSTILE WORK ENVIRONMENT**

129.   Paragraphs 1 through 128 are hereby incorporated by reference as though the same were fully set forth at length herein.

130.   At all times material hereto, Defendant employed at least fifteen (15) employees at its various locations at all times relevant hereto.

131.   Plaintiff is a woman and as such is a member of a class protected under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, from unlawful discrimination because of sex.

132.   Defendant took tangible employment action against Plaintiff in the form of differential treatment and termination from employment because of Plaintiff's sex, in violation of Title VII.

133.   Defendant subjects Plaintiff to and/or otherwise permitted the existence of a hostile work environment because of her sex in violation of Title VII.

134.   Defendant undertook tangible employment action against Plaintiff, in the form of termination form employment, because she rejected sexual advances made by Mr. Ahoroni.

135.   Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

23

136.    Because of Defendant's unlawful acts, Plaintiff suffered damages of, among other things, loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

137.    As a result of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, and earnings potential.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.    Back wages and front pay, in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.    Punitive and/or compensatory damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.    Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.    Pre-judgment interest in an appropriate amount; and

E.    Such other and further relief as is just and equitable under the circumstances.

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

24

**COUNT VI**
**NEW JERSEY LAW AGAINST DISCRIMINATION**
**N.J.S.A. 10:5-1, *et seq.***
**SEX DISCRIMINATION/SEXUAL HARASSMENT**
**HOSTILE WORK ENVIRONMENT**

138.    Paragraphs 1 through 137 are hereby incorporated by reference as thought the same were fully set forth at length herein.

139.    The conduct described above constitutes a violation of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.    Back wages and front pay in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.    Compensatory and/or punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.    Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.    Pre-judgment interest in an appropriate amount; and

E.    Such other and further relief as is just and equitable under the circumstances.

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

25

## **<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,



**MURPHY LAW GROUP, LLC**

By: <u>*/s/ Michael Murphy*</u>
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
<u>murphy@phillyemploymentlawyer.com</u>
*Attorney for Plaintiff*

Dated: April 28, 2020

## <u>DEMAND TO PRESERVE EVIDENCE</u>

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.