# EXHIBIT A

02/24/2021 SL1 1678869v2 113740.00001

# FLSA SETTLEMENT AGREEMENT

# AND SPECIFIC RELEASE

THIS FLSA SETTLEMENT AGREEMENT AND SPECIFIC RELEASE (hereinafter referred to as the "Agreement") is made and entered into by and between Amanda Valle and her agents, heirs, executors, administrators, successors and assigns (collectively, "Valle"), and Voxx Liquors, LLC d/b/a Vera Bar & Grill and its parents, subsidiaries, shareholders (in their capacity as such), officers, directors, agents, predecessors, successors and assigns (collectively, "Vera"), for the following purpose and with reference to the following facts:

WHEREAS, Valle filed a Complaint (and subsequently an amended Complaint) in the United States District Court for the District of New Jersey, captioned *Amanda Valle v. Voxx Liquors, LLC d/b/a Vera Bar & Grill.,* Docket No. 1:20-cv-05200 (the "Action"), alleging various claims including, as relevant to this Agreement, violations of the Fair Labor Standards Act, 29 U.S.C. Section 201 *et. seq*. ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq*. ("WHL") in connection with Valle's employment with Vera; and

WHEREAS, Vera has denied any and all liability for the claims alleged by Valle; and

WHEREAS, the parties desire to make a full and final settlement of Valle's claims under the FLSA and the WHL;

NOW THEREFORE, the Parties, both represented by counsel, enter into (1) this Agreement [already defined above] as to the FLSA and WHL claims; and (2) the separately-executed Non-FLSA Agreement and General Release as to all of Plaintiff's remaining claims in the Complaint (and subsequently Amended Complaint).

1. <u>Plaintiff's Consideration.</u>  In consideration for signing this FLSA Agreement, including the waiver and release of claims contained in this Agreement, and the dismissal of the Action with prejudice as described fully below in Paragraphs 3 and 4, and in consideration of Plaintiff's promises made in this FLSA Agreement, Vera agrees to pay the amount of settlement monies totaling One Thousand Dollars and Zero Cents ($1,000.00) (less tax withholding as described below) within thirty (30) days after the Effective Date of this Agreement (as defined in Paragraph

9 of this Agreement), by way of three (3) separate checks to be delivered to Murphy Law Group, LLC, Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd. Philadelphia, PA 19103, made payable as follows:

    (a)  One check made payable to Amanda Valle in the gross amount of Three Hundred Twenty Five Dollars and Zero Cents ($325.00) (the "Back Wages Check") which is intended to compensate for all alleged back wages and benefits, with the actual amount of such check reduced by the required tax withholding at the same rate of withholding as if Valle was employed by Vera; and which shall be referenced on a W-2 filed by Vera with the Internal Revenue Service ("IRS") reflecting such amounts required by the Internal Revenue Code ( "Code") and related treasury regulations;

    (b)  One check totaling Three Hundred Twenty Five Dollars and Zero Cents ($325.00) made payable to Amanda Valle, which is intended to relate to alleged liquidated damages.  No deductions or withholding will be taken from this check; and a Form 1099 issued to Valle will be filed by Vera with the IRS reflecting such amounts required by the Code and related treasury regulations. Valle agrees to provide a completed Form W-9 to Vera; and

    (c)  One check totaling Three Hundred Fifty Dollars and Zero Cents ($350.00) made payable to Murphy Law Group, LLC, which is intended to relate to Valle's attorneys' fees and costs.  No deductions or withholdings will be taken from this check, and Vera will issue Form 1099s to Murphy Law Group, LLC and Valle with respect to this amount.. Valle agrees that her attorneys will provide a completed Form W-9 to Vera.

    2.  Except for Vera's share of payroll taxes in paragraph 1a, Valle agrees to indemnify and hold Vera harmless with respect to any taxes, penalties, fines or interest that may be assessed with respect to these payments.

    3.  <u>Specific Release</u>:

    (a)  In exchange for the considerations provided for in this Agreement, Valle waives, releases and gives up any and all claims and rights which she may have against Vera and any of its past or present subsidiaries, affiliates, shareholders, benefit plans, or their respective successors

and assigns (as well as their respective past or present officers, directors, agents, representatives or employees and their respective successors and assigns, heirs, executors, and personal representatives), (collectively, "Releasees"), of and from any and all claims, demands, liabilities, obligations, promises, controversies, damages, rights, actions, and causes of action, known or unknown, which Valle has or may have against Releasees as of the date of execution of this FLSA Agreement arising out of the claims asserted in the Litigation pursuant to the FLSA and WHL, including but not limited to any allegations for costs, fees, or other expenses, including attorneys' fees, liquidated damages, or any other damages available under the FLSA and WHL or related federal, state, or local law related to the payment of wages.

This FLSA Agreement is intended to be a release of claims as described above, but excludes those claims under any statute or common law that Valle is legally barred from releasing, such as claims for worker's compensation benefits and for pension benefits. Notwithstanding anything in this FLSA Agreement to the contrary, this release does not and is not intended to prevent, restrict, or otherwise interfere with Valle's right to (i) file a charge or complaint with any appropriate federal, local, or state agency or court unrelated to the FLSA and WHL claims she is releasing in this lawsuit; (ii) testify, assist, participate in, or cooperate with the investigation of any charge or complaint pending before or being investigated by a governmental agency acting within the scope of its statutory or regulatory jurisdiction;  (iii) enforce this FLSA Agreement; or (iv) seek a judicial determination of the validity of the release. If an administrative agency or court assumes jurisdiction over any charge or complaint involving claims that are released in this FLSA Agreement, Plaintiff agrees to not, directly or indirectly, accept, recover, or receive any resulting monetary damages or other equitable relief, and Valle hereby expressly waives any rights to such recovery or relief. This release does not apply to claims that may arise after the date this Agreement is executed.

4. <u>Dismissal of Action</u>. Valle agrees that she will dismiss with prejudice the Action referred to above.  Valle further agrees that she will not file, and that she will not cause to be filed, any other charge or claim of retaliation, improper pay, or improper termination against the Releasees with any court or administrative agency, based on events occurring prior to the execution of this Agreement and that she will waive all rights to compensation, damages or back pay in the

event a charge is filed on her behalf with any administrative agency, and/or a complaint is filed with any court, based on events occurring prior to the execution of this Agreement. Valle further agrees that should any such action be taken against the Releasees by her or on her behalf based on her authorization and with her knowledge, the Releasees shall be entitled to a protective order against or summary judgment dismissing such action, together with attorneys' fees and costs incurred in securing such dismissal or judgment, to the extent authorized or permitted by law.

5. <u>Complete Bar</u>:  The parties agree that the parties released above in paragraphs 3 and 4 may plead this Agreement as a complete bar to any action or suit before any court or administrative body with respect to any claim released herein.

6. <u>No Admission of Liability</u>:  This Agreement shall not be construed as an admission by Vera of a violation of law, wrongful discharge, breach of implied contract or any other wrongdoing or liability of whatever nature. Valle recognizes that Vera expressly denies each and every one of the allegations of wrongdoing made by Valle and specifically denies any liability whatsoever for any damages, injuries, or other claims by Valle or which could be claimed by Valle. Vera is entering into this Agreement solely because it is desirous of settling all of Valle's claims and thereby avoiding further expense and inconvenience, and putting to rest the controversies among the parties.

7. <u>Non-Disparagment.</u>  Valle agrees that she will not disparage Vera. Additionally, Vera will provide Valle with a neutral reference, only confirming her dates of employment and position(s) held.

8. <u>Effective Date.</u> This Agreement will become effective (the "<u>Effective Date</u>") on the date after the completion of: (i) full execution of this Agreement and the FLSA Agreement by the Parties; (ii) Vera's counsel receives this Agreement executed by Valle; (iii) Vera's counsel receives all necessary tax forms identified in Paragraph 1; and (iv) the Court grants approval of this Agreement as discussed in Paragraph 9.  This Agreement will not be enforceable or effective until the Effective Date.

9. <u>Judicial Approval of Settlement Agreement</u>. Valle and Vera agree to seek judicial approval of their compromise and resolution of Valle's FLSA claim. The parties agree to jointly

submit this Agreement to the Court with a Joint Motion and proposed Order for approval of the Agreement. This Agreement shall be contingent on the Court granting the Joint Motion.

10. <u>Fees and costs:</u> Except as specifically provided herein, each party shall be responsible for its own attorneys' fees and costs, including, but not limited to, the costs associated with mediation.

11. <u>Successors and Assigns:</u>   The parties are bound by this Agreement and those who succeed to Valle's rights and responsibilities, such as her heirs, the executor of her estate, or her personal or legal representatives, are also bound and this Agreement also inures to their benefit. This Agreement is made for the benefit of Vera and all who succeed to its rights and responsibilities, such as any heirs, successors and assigns.

12. <u>No Future Employment</u>:  In further consideration of the undertakings of Vera as set forth herein, Valle specifically waives and releases any right or opportunity to be hired to employment or recalled to employment with Vera at any time in the future, either as a W-2 employee of Vera or any of the Releasees.  Accordingly, Valle agrees that she will not seek employment at any location or facility of Vera or any of the Releasees at any time in the future. Valle agrees that if she seeks employment with Vera or any of the Releasees or any of their respective related entities or agents and is hired, the hiring entity shall have the right to immediately terminate her employment without any reason or cause and without recourse to her. This paragraph will not apply should Valle unexpectedly come to work for Vera due to a future acquisition, merger, or other equivalent incident with another employer.

13. <u>Enforcement</u>:  Any party shall have the right specifically to enforce this Agreement, except for provisions which subsequently may be held invalid or unenforceable, and/or obtain money damages for its breach, including the prevailing party being entitled to reasonable attorneys' fees and costs.

02/24/2021 SL1 1678869v2 113740.00001

14. Acknowledgments:

(a)  Valle represents that she has carefully read and fully understands all the provisions of this Agreement, that she is entering into this Agreement voluntarily, and that she has been advised in writing to consult with an attorney of her choice and at her expense before executing it.

(b)  Valle acknowledges that she has been paid all earned and accrued compensation, less applicable deductions, for all hours worked and that apart from this Agreement, she is entitled to no other compensation or benefits from Vera.

15.  Hold Harmless:  Except for Vera's share of payroll taxes in Paragraph 1a, Valle agrees and acknowledges that this Agreement includes the settlement and release of, and Releasors' covenant to hold Releasees harmless for, any and all claims by Releasors against Releasees for costs, expenses, and fees associated with the Action, including without limitation, all counsel fees, expert fees, filing fees, and claims alleged or that could be alleged under federal, state or local law, whether pursuant to common law or statute.

16.  Full Knowledge:  The parties further warrant, represent and agree that in executing this Agreement, each does so with full knowledge of any and all rights which each may have with respect to Releasees or the Action.

17.  No Reliance:  The parties further state that each is not relying and has not relied on any representation or statement made by the other with respect to the facts involved in said controversies or with regard to Valle's rights or asserted rights.  Each party hereby assumes the risk of all mistakes of fact with regard to said controversies and with regard to all facts which are now relating thereto.

18.  No Assignment:  Valle further warrants and represents that no other person or entity has any interest in the matters released herein and that Valle has not assigned or transferred or purported to assign or transfer to any person or entity all or any portion of the matters released herein.

19.  Advice of Counsel:  The parties represent that each has availed themselves of the advice of counsel prior to signing this Agreement and is satisfied with their counsel's advice and

that each is executing the Agreement voluntarily and fully intending to be legally bound because, among other things, the Agreement provides valuable benefits to each which each might otherwise not be entitled to receive.

20. <u>Controlling Law</u>:  This Agreement shall be construed in accordance with the laws of the State of New Jersey to the extent not preempted by federal law.

21. <u>Counterparts</u>:  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original with respect to any party whose signature appears thereon and all of which shall together constitute one and the same instrument.  Signature by facsimile shall be considered sufficient.

22. <u>Entire Agreement</u>:  This Agreement sets forth the entire agreement of the parties, supersedes and extinguishes any and all prior statements, agreements, representations or understandings by or among the parties to this Agreement, and may not be modified or amended except in writing, executed by all of the parties, with the exception of the mediation agreement which is incorporated herein by reference.

IN WITNESS WHEREOF, expressly intending to be legally bound hereby, Valle and Vera have executed this eight-page (including this signature page) Settlement Agreement and General Release on the dates indicated below.

**Voxx Liquors, LLC d/b/a**  **Amanda Valle**
**Vera Bar & Grill**

_____    _____
Signature                                                        Signature


_____    _____
Date                                                                 Date

8

02/24/2021 SL1 1678869v2 113740.00001