[D.I. 27]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AMANDA VALLE,<br><br>    Plaintiff,<br><br> v.<br><br>VOXX LIQUORS, LLC, d/b/a VERA BAR & GRILL,<br><br>    Defendant. | Civil No. 20-5200 (AMD) |

**ORDER**

  This matter comes before the Court upon the joint motion [D.I. 27] of Plaintiff, Amanda Valle, and Defendant, Voxx Liquors, LLC d/b/a Vera Bar & Grill, to approve the parties' settlement of claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter, "FLSA") and the New Jersey Wage and Hour Law, N.J. STAT. ANN. § 34:11-56a *et seq.* (hereinafter, "NJWHL"). The parties consented to have the undersigned Magistrate Judge conduct these proceedings. (Notice, Consent and Reference of a Civil Action to a Magistrate Judge [D.I. 14], Oct. 1, 2020.) The Court held a telephone conference in connection with the pending motion and directed the filing of supplemental submissions. (Minute Entry [D.I. 29], Apr. 28, 2021.) Plaintiff's counsel thereafter submitted a supplemental certification [D.I. 30] and a revised

settlement agreement [D.I. 30-1] pursuant to the Court's directive. The Court has considered the submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78(b). For the reasons that follow, the motion to approve the settlement agreement with respect to the FLSA claim is granted.[1]

On April 28, 2020, Plaintiff initiated this action against Defendant alleging violations of the FLSA, the NJWHL, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the New Jersey Law Against Discrimination, N.J. STAT. ANN. § 10:5-1 *et seq.* (hereinafter, "NJLAD"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (hereinafter, "Title VII"). (*See generally*, Compl. [D.I. 1], pp. 15-25.) Plaintiff alleges that she was employed by Defendant as a Bottle Server/Bartender and was not properly compensated for the time she worked. (*Id.* at p. 5, ¶ 22.) The original complaint asserted claims for wage and tip violations

---

[1] The proposed settlement agreement includes settlement of both the FLSA claim and the parallel wage claim under the NJWHL. The NJWHL "affords the same protections as the FLSA[,]" *Cohen v. BH Media Group, Inc.*, 419 F. Supp. 3d 831, 847 (D.N.J. 2019), and was adopted "to protect workers not covered by FLSA." *Hargrove v. Sleepy's, LLC*, 106 A.3d 449, 463 (2015). Because the NJWHL claim does not require court approval to be settled, *see Cruz v. JMC Holdings, Ltd.*, Civil No. 16-9321, 2019 WL 4745284, at *3 n.2 (D.N.J. Sept. 30, 2019), and because "[a] plaintiff cannot recover damages under both the FLSA and the NJWHL, as such an award of damages would amount to a double recovery[,]" *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*, Civil No. 18-10359, 2019 WL 6318341, at *2 (D.N.J. Nov. 26, 2019), the Court addresses the settlement as it pertains to Plaintiff's FLSA claim only.

on behalf of Plaintiff and others similarly situated, but Plaintiff subsequently filed an amended complaint which only asserted wage and tip violations on behalf of Plaintiff individually and not on behalf of similarly situated individuals. (Mem. in Supp. of the Parties' Joint Motion for an Order Approving Settlement (hereinafter "Joint Motion") [D.I. 27-1], p. 1.) The amended complaint also contains claims on behalf of Plaintiff under the ADA, the NJLAD, and Title VII. (Am. Compl. [D.I. 19], pp. 14-20, ¶¶ 100-123.) On December 1, 2020, Defendant filed an answer to the amended complaint which denied all material factual allegations. (Def.'s Amended Answer and Affirmative Defenses [D.I. 20], pp. 1-17.) The parties thereafter reached a settlement of all claims in this case and now request approval of the settlement of the FLSA and NJWHL claims. (Joint Motion, pp. 1-2.)

In connection with her wage claims, Plaintiff represents that she was paid a rate of $2.14 per hour plus tips, and overtime wages in the amount of $3.21 per hour. (Cert. of Preeya Bansal, Esq. in Supp. of the Parties' Joint Motion for an Order Approving Settlement (hereinafter, "Bansal Cert." [D.I. 30], p. 2, ¶¶ 8, 10.) Plaintiff contends, however, that pursuant to the FLSA she should have been paid $5.76 per hour for each overtime hour worked. (*Id.* at p. 2-3, ¶ 12.)[2] Plaintiff thus asserts that she was owed

---

[2] Plaintiff asserts that because minimum wage pursuant to the FLSA is $7.25 per hour, overtime pay would have been $10.88 per overtime

3

an extra $2.55 per overtime hour and that she worked 137 hours of overtime, purportedly entitling her to $349.35 in unpaid overtime compensation. (*Id.* at p. 3, ¶¶ 13-15.) Although Plaintiff initially also alleged in the complaint that Defendant withheld tips owed to Plaintiff and others (Compl. at p. 9, ¶¶ 42- 43), Plaintiff represents that there is a "lack of [] evidence to support Plaintiff's claims regarding the unlawful tip retention" and therefore "no portion of the settlement has been allotted to Plaintiff's unlawful tip retention claims." (Bansal Cert., p. 1, ¶ 4.) The parties have agreed to settle Plaintiffs' FLSA and NJWHL claims for $1,000, which includes the following breakdown: $325 for wage and compensation allegedly due to Plaintiff for her alleged FLSA and NJWHL claims, $325 for liquidated damages, and $350 for Plaintiff's attorney's fees. (Revised FLSA Settlement Agreement and Specific Release [D.I. 30-1], pp. 1-2, ¶ 1.)

"'The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)). Employers may be liable to affected employees for

---

hour. (Bansal Cert., pp. 2-3, ¶ 12.) However, because she was a tipped employee, Plaintiff represents that Defendant was entitled to take a $5.12 per hour "tip credit." (*Id.*) Plaintiff contends, therefore, that she should have been paid $5.76 per overtime hour worked. (*Id.*)

4

violating the FLSA's overtime provisions "in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." *Id.* (citing 29 U.S.C. § 216(b)). Because this settlement addresses Plaintiff's claim for a violation of the FLSA, the Court must approve the settlement. *Joseph v. Caesar's Ent. Corp.*, Civil No. 10-6293, 2012 WL 12898816, at *2 (D.N.J. July 23, 2012) ("Under the FLSA, parties must present a proposed settlement to the district court for review and a determination of whether the settlement is fair and reasonable.") (citing *Bredbenner v. Liberty Travel, Inc.*, Civil Nos. 09-905, 09-1248, 09-4587, 2011 WL 1344745, at *18 (D.N.J. Apr. 8, 2011); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982)). The Court, in considering whether to approve an FLSA settlement, engages in a three-part analysis.

> First, the court must determine that the settlement concerns a bona fide dispute. Second, the court must determine that the settlement is fair and reasonable to the Plaintiff-employee. And, third, the court must determine that the agreement does not frustrate the implementation of the FLSA in the workplace.

*Gabrielyan v. S.O. Rose Apartments LLC*, Civil No. 15-1771, 2015 WL 5853924, at *2 (D.N.J. Oct. 5, 2015).

The Court first finds that the matter concerns a bona fide dispute. Plaintiff contends that she was not paid the proper amount of overtime wages required to be paid by law. (Joint Motion,

5

p. 2.) Defendant, however, contends that Plaintiff was paid overtime compensation for all hours worked above forty hours per week (*id.* at p. 3) and has "provided records with Plaintiff's clock in and clock out times." (Bansal Cert., p. 4, ¶ 16.) Plaintiff's counsel states that they "understand [that there are] evidentiary hurdles associated [] with proving hours worked in the absence of accurate recordkeeping." (*Id.*) Given the overtime compensation dispute and the liability issues, the Court finds that the settlement concerns a bona fide dispute between the parties.

In addition, the Court finds that the settlement is fair and reasonable. The parties represent that Plaintiff's last rate of pay was $2.14 per hour plus tips and that Plaintiff allegedly worked 137 overtime hours. (Bansal Cert., p. 2-3, ¶¶ 8, 14.) Pursuant to the FLSA, overtime wages must be paid at "a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1). Plaintiff represents that she should have been paid an overtime rate of $10.88, minus a "tip credit" in the amount of $5.12, resulting in an overtime wage of $5.76 per hour, but she was only paid $3.21 per overtime hour. (Bansal Cert., pp. 2-3, ¶¶ 12-13.) Therefore, Plaintiff is allegedly owed $349.35 in unpaid overtime wages for the 137 overtime hours she purportedly worked. (*Id.* at p. 3, ¶ 15.) The proposed settlement includes a payment in the amount of $650 to Plaintiff, which consists of $325 for wage and compensation

6

allegedly due to Plaintiff and $325 in liquidated damages as required under the FLSA. (Revised FLSA Settlement Agreement and Specific Release [D.I. 30-1], pp. 1-2, ¶ 1.) Although the amount of the settlement representing unpaid wages to Plaintiff is slightly less than Plaintiff may ultimately be awarded if she proceeds to trial, Plaintiff will receive approximately 93% of the maximum amount of recovery that she could be awarded at trial for the FLSA claim. (Bansal Cert., p. 3, ¶ 16.) Accordingly, the Court finds that the amount of the settlement is fair and reasonable in light of the likely costs of continued litigation relative to the maximum possible recovery of economic damages under the FLSA.

In addition to considering the amount of compensation to Plaintiff, the Court also considers the reasonableness of the attorney's fee in determining whether the settlement is fair and reasonable. "An award of attorney's fees is authorized under the FLSA, which provides that the court shall allow 'a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" *Joseph*, 2012 WL 12898816, at *3 (quoting 29 U.S.C. § 216(b)). In *Joseph*, this Court noted that "[i]n ensuring reasonableness of fees in the FLSA context, courts in the Third Circuit employ the ''lodestar' formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate.'" *Id.* at *3 (quoting *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001)).

7

Plaintiff's counsel submitted an affidavit and attached invoice setting forth the nature, description, and date of services rendered on behalf of Plaintiff in this case. (Affidavit of Preeya Bansal, Esq. (hereinafter, "Bansal Aff.") [D.I. 27-4], Apr. 12, 2021; Invoice [D.I. 27-5], Apr. 12, 2021.) Counsel also set forth in the affidavit her professional experience, the time spent rendering each service, and her billing rate of $250 per hour. (Bansal Aff., pp. 2-3, ¶¶ 2, 3, 6.) Plaintiff's counsel represents that she has been practicing law since 2014, specialized in personal injury cases on behalf of plaintiffs in a prior firm she worked at, and has "assisted with several complex class action lawsuits arising under federal and state wage and hour laws" since joining her present firm in 2018. (*Id.* at p. 2, ¶ 2.) Plaintiff's counsel also represents that her present firm bills at a rate of $250 per hour in lawsuits involving complex wage and hour issues and/or class/collective actions litigated in Pennsylvania, and that the amount is consistent with the contingency fee agreement entered into between Plaintiff and counsel at the outset of this litigation. (*Id.* at p. 3, ¶¶ 3-4.) The Court finds that the rate set forth by Plaintiff's counsel is reasonable in this case. *See Joseph*, 2012 WL 12898816, at *4 (approving rate of $250 for associate attorney who practiced law for approximately two years in FLSA case).

In considering the number of hours reasonably expended in conducting the litigation, the Court must review the time charged, consider the amount of time spent on each particular task, and decide whether the hours spent litigating the matter were reasonably expended. *See Joseph*, 2012 WL 12898816, at *4. Here, Plaintiff's counsel provided an invoice setting forth that she spent 40.38 hours working on this matter. (Invoice [D.I. 27-5], Apr. 12, 2021.) While the Court recognizes that the invoice represents counsel's efforts in prosecuting all claims in this case, including those claims that are not part of the FLSA settlement, the total attorney's fee sought in connection with the FLSA claim is $350, which represents less than ninety minutes of legal services at the approved rate of $250 per hour. The amount of time for which Plaintiff is compensated is a fraction of the total time counsel spent litigating this case on behalf of Plaintiff. The Court finds that $350 is a reasonable attorney's fee for the efforts of Plaintiff's counsel to litigate the wage claim in this case.

Finally, the Court finds that the proposed settlement agreement does not frustrate the implementation of the FLSA in the workplace. "Indicia of a compromise which runs counter to the FLSA's purpose of protecting workers include restrictive confidentiality clauses and overly broad release provisions." *Fritz v. Terminite, Inc.*, Civil No. 19-15749, 2020 WL 5015508, at

9

\*2 (D.N.J. Aug. 25, 2020) (citing *Brumley v. Camin Cargo Control, Inc.*, Civil No. 08-1798, 2012 WL 1019337, at \*2 (D.N.J. Mar. 26, 2012)). The settlement agreement here does not contain a confidentiality provision but does contain a release provision. "[D]istrict courts require plaintiffs to limit the scope of any waiver or release clause in FLSA settlement agreements to 'claims related to the specific litigation.'" *Cruz v. JMC Holdings, Ltd.*, Civil No. 16-9321, 2019 WL 4745284, at \*7 (D.N.J. Sept. 30, 2019)(quoting *Singleton v. First Student Mgmt. LLC*, Civil No. 13-1744, 2014 WL 3865853, at \*9 (D.N.J. Aug. 6, 2014)). In the settlement agreement here, Plaintiff releases "any and all claims, demands, liabilities, obligations, promises, controversies, damages, rights, actions, and causes of action, known or unknown, which [Plaintiff] has or may have against Releasees as of the date of execution of this FLSA Agreement arising out of the claims asserted in the Litigation pursuant to the FLSA and WHL[,]" and the release expressly "excludes those claims under any statute or common law that [Plaintiff] is legally barred from releasing, such as claims for worker's compensation benefits and for pension benefits." (Revised FLSA Settlement Agreement and Specific Release [D.I. 30-1], pp. 2-3.) Because the release provision only applies to wage claims related to the instant action, the Court finds that the release provision does not frustrate the purposes of the FLSA.

CONSEQUENTY, for the reasons set forth above and for good cause shown:

IT IS on this **2nd** day of **August 2021**:

**ORDERED** that the joint motion [D.I. 27] of the parties to approve the settlement agreement with respect to the FLSA claim shall be, and is hereby, **GRANTED**; and it is further

**ORDERED** that the Court approves the settlement agreement, as revised by the parties [D.I. 30-1]; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter as **CLOSED**.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE